UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANEUVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 801    Motion to Strike Surplusage (Napoleon Harris)
Dkt. 775    Response

Defendant Napoleon Harris moves to strike surplusage from the Second Superseding Indictment (Dkt. 82), pursuant to Fed. R. Crim. P. 7. Defendant Harris argues that the allegations relating to the dismissed Counts and the Government's initial effort to seek the death penalty, Paragraphs 29-44, Count 1, and Pages 44-75 ("Notices of Special Findings"), are irrelevant, and would be inflammatory and highly prejudicial.

The Court granted the Government's Motion to Dismiss Counts 15 and 16 of the Second Superseding Indictment. (Dkts. 612, 614). Defendant Napoleon Harris moves to strike Paragraphs 2, 5(c) and 6, which contain allegations of robbery which Defendant Harris believes are linked to the dismissed Counts 15 and 16.

Defendant Harris further moves to strike Paragraphs 29-44, Special Sentencing Allegations, which Defendant Harris believes are linked to the Government's initial intent to seek the death penalty. On March 8, 2016, the Government gave notice of its intent not to seek the death penalty.

Case No. 8:12-CR-205-T-17MAP

Defendant Harris further moves to strike Pages 44 through 75 of the Second Superseding Indictment, "Notice of Special Findings," as to each Defendant, which Defendant Harris believes relates to the Government's initial intent to seek the death penalty. Defendant Harris argues that these paragraphs constitute surplusage, and are irrelevant to any issue to considered by the jury.

I. Standard of Review

Fed. R. Crim. P. 7(d) provides:

(d) Surplusage. Upon the defendant's motion, the court may strike surplusage from the indictment or information.

A motion to strike surplusage from an indictment should be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a most exacting standard.'" United States v. Byre, 318 Fed. Appx. 878 (11th Cir. 2009).

II. Discussion

The Government does not object to striking the following text from Count 1 of the Second Superseding Indictment:

A. Paragraphs 5(c) and 5(g) (Page 6).
B. Notices of Special Findings (middle of Page 44 through Page 75).

The Government objects to striking Paragraphs 2 and 6 from Count 1. Paragraph 2 explains the purpose of the Enterprise, and is necessary for the jury to

Case No. 8:12-CR-205-T-17MAP

understand racketeering conspiracy charge in Count 1. Paragraph 6 explains the role of state law violations in the racketeering conspiracy. Paragraphs 29 through 44 provide details in support of Paragraphs 2 and 6. These paragraphs explain the multiple ways the jury may make special findings necessary to support an increase of the statutory maximum penalty to life imprisonment, up from twenty years. The text is not surplusage, and is necessary to the definition of the crimes charged.

After consideration, the Court grants the Motion to Strike in part, and denies it in part. Accordingly, it is

ORDERED that the Motion to Strike Surplusage From Second Superseding Indictment (Dkt. 801 is granted in part as to Paragraphs 5(c) and 5(g) (page 6), Count 1, and Notices of Special Findings (middle of Page 44 through Page 75). The Motion to Strike is denied as to Paragraphs 2 and 6, Count 1, and is denied as to Paragraphs 29 through 44, Count 1.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 6th day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record