UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANUEVA, et al.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 1017 | Report and Recommendation |
| Dkt. 1022 | Objection (Napoleon Harris) |
| Dkt. 1023 | Objection (Jerry W. Green, Jr.) |
| Dkt. 1038 | Objection (Deonte Jamal Martin) |
| Dkt. 1046 | Report and Recommendation |
| Dkt. 1056 | Objection (Napoleon Harris) |
| Dkt. 1063 | Response (United States) |
| Dkt. 1065 | Order Granting Motion to Adopt (Jerry W. Green, Jr.) |

In the Report and Recommendation (Dkt. 1017), the Magistrate Judge recommended that Defendants' Motions to Suppress Evidence Resulting From Use of Cell Site Simulator be denied, because Defendants failed to establish standing to contest the searches at issue.. In their Motions, Defendants Napoleon Harris, Jerry W. Green, Jr. and Deonte Jamal Martin contended that law enforcement officers from Manatee County conducted illegal realtime tracking of their cell phones. Defendants requested that such realtime tracking evidence and evidence derived therefrom be suppressed. The Government opposed the Defendants' Motions.

Case No. 8:12-CR-205-T-17MAP

Defendants filed Objections to the Report and Recommendation, which the Court construed as Motions for Reconsideration. After hearing, another Report and Recommendation (Dkt. 1046) was entered. The Magistrate Judge determined that Defendants' Motions to Suppress were moot as to Defendants Napoleon Harris and Jerry W. Green, Jr. The Magistrate Judge reconsidered the determination that Defendant Deonte Jamal Martin did not have standing. The Magistrate Judge further determined that if it were found that Defendants Napoleon Harris, Jerry W. Green, Jr. and Deonte Jamal Martin had standing and the searches violated the Fourth Amendment, the good faith exception applied. The Magistrate Judge again recommended that the Motions to Suppress be denied.

The Court took a proffer of testimony of Witness Scott Williamson on August 3, 2016. During the proffer, Defendant Napoleon Harris Exhibit #7, Manatee County Sheriff's Report 11-497/137, was introduced. Detectives Williamson and Petta were co-affiants as to the applications for a sealed order for information and for authorization of a pen register and trap and trace for cellular telephone numbers to state judicial officers. (Dkts. 980-1 to 980-6 (Napoleon Harris); Dkts. 992-2 and 992-3 (Jerry W. Green, Jr.); Dkt. 637-1 (Deonte Jamal Martin).

I. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir.1982), cert. denied, 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). However, a district judge must make a de novo determination of those portions of the report and recommendation to which an objection is made. 28 U.S.C. §

Case No. 8:12-CR-205-T-17MAP

636(b)(1)(c). District judges must "give fresh consideration to those issues to which specific objections have been made by a party." Jeffry S. by Ernest S. v. State Bd. Of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper Houston v. S. Rwy. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F.Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

II. Discussion

In the initial Report and Recommendation (Dkt. 1017), the assigned Magistrate Judge recommended that the Defendant Napoleon Harris' Amended Motion to Suppress Evidence Resulting From Use of Cell Site Simulator (Dkt. 980) and Second Amended Motion to Suppress (Dkt. 1012) be denied, finding that Defendants did not establish standing to contest the searches at issue. Defendants Jerry W. Green, Jr. and Deonte Jamal Martin had adopted and supplemented Defendant Napoleon Harris' Motions.

After a hearing on Defendants' Objections, the assigned Magistrate Judge has issued a Report and Recommendation (Dkt. 1046) which again recommends that Defendants' Motions to Suppress be denied.

As to Defendant Napoleon Harris, Defendant Napoleon Harris has challenged the use of realtime cell phone data obtained pursuant to:

| | |
|---|---|
| Application of March 26, 2013 | 941 405 2330 |
| Application of May 10, 2013 | 941 545 8003 |
| Application of March 24, 2014 | 941 448 4152 |

Case No. 8:12-CR-205-T-17MAP

not intend to use any realtime location evidence against Defendants Napoleon Harris and Jerry W. Green, Jr. There is still nothing to suppress as to Defendant Napoleon Harris and Jerry W. Green, Jr.

During the hearing, the Government indicated that some realtime cell phone data would be used as evidence as to Defendant Deonte Jamal Martin. As to Defendant Deonte Jamal Martin, the assigned Magistrate Judge revisited the determination that Defendant Deonte Jamal Martin had no standing. However, the assigned Magistrate Judge found that even if the collection of realtime cell phone location data was a search to which the Fourth Amendment applied, the Government established that the good faith exception applied. The assigned Magistrate Judge noted the testimony that the realtime authorizations were obtained in the usual way and in accordance with established practice in that circuit at that time. At the time of the applications, neither the Florida Supreme Court nor the U.S. Supreme Court weighed in on the type of tracking at issue here. The assigned Magistrate Judge concluded that the officers would not have known that seizures of realtime location information pursuant to the pen/trap authorizations were illegal seizures. As a result, the Magistrate Judge again recommended that, assuming all Defendants could establish standing, the good faith exception applies and dictates that Defendants' Motions to Suppress be denied.

The Court notes that Tracey v. Florida, 152 So.3d 504 (Fla. 2014) was decided on October 16, 2014, after the applications and orders at issue here. The Court adopts and incorporates the Report and Recommendation (Dkt. 1046). The Court overrules the Objections (Dkt. 1056, 1065) to the Report and Recommendation. The Court adopts and incorporates the Report and Recommendation (Dkt. 1017) and denies all Motions for Reconsideration (Dkts. 1022, 1023, 1038). The Court denies all Motions to Suppress. Accordingly, it is

Case No. 8:12-CR-205-T-17MAP

As to Defendant Jerry W. Green, Jr., Defendant Jerry W. Green, Jr. has challenged the use of realtime cell phone data obtained pursuant to:

| | |
|---|---|
| Application of May 2, 2013 | 941 840 9395 |
| Application of May 6, 2013 | 941 405 2828 |

As to Defendant Deonte Jamal Martin, Defendant Deonte Jamal Martin has challenged the use of realtime cell phone data obtained pursuant to:

| | |
|---|---|
| Application of July 12, 2013 | 941 405 2330 |

Based on the record before him, the assigned Magistrate Judge found that the Motions to Suppress of Defendants Napoleon Harris and Jerry W. Green, Jr. were moot; there was nothing to suppress. The Government indicated that the Government does not intend to present any real time cellular location information against Defendants Napoleon Harris or Defendant Jerry W. Green Jr. in connection with the murder of Carlos Jurado. The Government will only be using "historical cell tower sector data" as to Defendants Napoleon Harris and Jerry W. Green, Jr. The Government plans to present cell tower sector data, consisting of business records of Sprint, that is not subject to proscriptions of the Fourth Amendment. The Government relies on U.S. v. Davis, 785 F.3d 498, 511 (11th Cir. 2010)(government obtaining court order under Stored Communications Act for production of cell phone carrier's business records was not a search).

At oral argument during the proffer today, Defendant Napoleon Harris introduced Defendant Napoleon Harris' Exhibit #7, Manatee County Sheriff's Report 11-497/137, as to the proffer of Detective Williamson's testimony. The report showed that Napoleon Harris may have been a subscriber to 941 545 8003. The report was not before the assigned Magistrate Judge, and it does not change the fact that the Government does

4

Case No. 8:12-CR-205-T-17MAP

**ORDERED** that the Report and Recommendation (Dkt. 1046) is **adopted and incorporated by reference**. The Court **overrules** the Objections (Dkts. 1056, 1065). It is further

**ORDERED** that the Report and Recommendation (Dkt. 1017) is **adopted and incorporated by reference**. The Court **denies** all Motions for Reconsideration (Dkts. 1022, 1023, 1038). The Court **denies** all Motions to Suppress. (Dkts. 980, 1012).

**DONE and ORDERED** in Chambers in Tampa, Florida on this ___ day of August, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record